UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CERILINA DEVERA, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br>   vs.<br><br>CITIBANK, N.A., and FDS BANK,<br><br>          Defendants. | Case No.: 15-cv-768<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Cerilina Devera is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendants sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Citibank, N.A. ("Citibank") is a national banking association with its principal place of business located at 399 Park Avenue, New York, NY 10043.

6. Citibank is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Citibank is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Citibank is a debt collector as defined in 15 U.S.C. § 1692a.

8. Defendant FDS Bank ("FDS") is a national banking association with its principal place of business located at 9111 Duke Boulevard, Suite 100, Mason,OH 45040.

9. FDS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

10. FDS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Citibank is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

11. On or about February 27, 2015, defendant FDS mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Department Stores National Bank." ("DSNB"). A copy of this letter is attached to this Complaint as Exhibit A.

12. Exhibit A contains the following signature block:

```
J. Kars
Collection Department
FDS Bank, a sister company of Macy's and Bloomingdale's
Call Toll Free 1-800-545-1256

TDD# 1-800-281-0820

Account Number xxxxxxx4028

The Macy's Card is issued by Department Stores National Bank.
```

2

13. The alleged debt that FDS was attempting to collect by mailing <u>Exhibit A</u> was a Macy's credit card, issued by DSNB.

14. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

15. <u>Exhibit A</u> was the first letter that Plaintiff received from FDS regarding the alleged debt referenced therein.

16. Upon information and belief, Plaintiff had not received any earlier communications from FDS regarding the alleged debt referenced in <u>Exhibit A</u>. The credit card account statements were identified as coming from "Macy's" and further stated: "The creditor is Department Stores National Bank."

17. Upon information and belief, the alleged debt referenced in <u>Exhibit A</u> was in default prior to FDS mailing <u>Exhibit A</u> to Plaintiff and the Class or contacting Plaintiff or the Class members in any way.

18. On or about April 9, 2015, defendant Citibank mailed a debt collection letter to Plaintiff regarding the same alleged Macy's credit card account as referenced in <u>Exhibit A</u>. A copy of this letter is attached to this Complaint as <u>Exhibit B</u>.

19. <u>Exhibit B</u> contains the following signature block:

```
Sincerely,
Sr. Vice President

Director of Collections

Citi Cards, Servicer for Department Stores National Bank
```

20. Upon information and belief, <u>Exhibit B</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

3

21.     Exhibit B was the first letter that Plaintiff received from Citibank regarding the alleged debt referenced therein.

22.     Upon information and belief, Plaintiff had not received any earlier communications from Citibank regarding the alleged debt referenced in Exhibits A and B. The credit card account statements were identified as coming from "Macy's" and further stated: "The creditor is Department Stores National Bank."

23.     Upon information and belief, the alleged debt referenced in Exhibit B was in default prior to Citibank mailing Exhibit B to Plaintiff and the Class or contacting Plaintiff or the Class members in any way.

24.     Exhibits A and B do not include the 15 U.S.C. § 1692g(a) notice, which requires:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

25. Plaintiff did not receive any other written communications from Citibank or FDS containing the 15 U.S.C. § 1692g(a) notice, either before or after Exhibit A.

26. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## **COUNT I – FDCPA**

28. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

29. This claim is brought against Defendant FDS.

30. Exhibit A is the first letter that FDS mailed to Plaintiff regarding the alleged Macy's credit card debt.

31. The alleged Macy's credit card debt was in default before FDS mailed Exhibit A to Plaintiff.

32. Exhibit A fails to include the notices required by 15 U.S.C. § 1692g(a).

33. FDS violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a).

## **COUNT II – FDCPA**

34. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

35. This claim is brought against Defendant Citibank.

36. Exhibit B is the first letter that Citibank mailed to Plaintiff regarding the alleged Macy's credit card debt.

37. The alleged Macy's credit card debt was in default before Citibank mailed Exhibit A to Plaintiff.

5

38. Exhibit A fails to include the notices required by 15 U.S.C. § 1692g(a).

39. FDS violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a).

## CLASS ALLEGATIONS

40. Plaintiff brings this action on behalf of two Classes.

41. Class 1 consists of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter by FDS in the form represented by Exhibit A to the Complaint in this Action, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after June 24, 2014, (e) that was not returned by the postal service.

42. Class 2 consists of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter by Citibank in the form represented by Exhibit B to the Complaint in this Action, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after June 24, 2014, (e) that was not returned by the postal service.

43. Each Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each Class.

44. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibits A and/or B violate the FDCPA.

45. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

46. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

47. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

48. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: June 24, 2015

                     **ADEMI & O'REILLY, LLP**

           By:   s/ Denise L. Morris
                 Shpetim Ademi (SBN 1026973)
                 John D. Blythin (SBN 1046105)
                 Mark A. Eldridge (SBN 1089944)
                 Denise L. Morris (SBN 1097911)
                 3620 East Layton Avenue
                 Cudahy, WI 53110
                 (414) 482-8000
                 (414) 482-8001 (fax)
                 sademi@ademilaw.com
                 jblythin@ademilaw.com
                 meldridge@ademilaw.com
                 dmorris@ademilaw.com